UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RONALD D. LEONARD,

   Plaintiff,

               Civil Action 2:10-cv-00956
vs.              Judge Michael H. Watson
              Magistrate Judge E. A. Preston Deavers

ROBIN KNAB,

   Defendant.

## REPORT AND RECOMMENDATION

   This is a civil rights action in which Plaintiff, Ronald D. Leonard, a state-prison inmate proceeding without the assistance of counsel, alleges that since being detained in solitary confinement, Defendant, Robin Knab, has subjected him to cold temperatures in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.  This matter is before the United States Magistrate Judge for a Report and Recommendation on Defendant's Motion for a Temporary Restraining Order.  (ECF No. 14.)  For the reasons stated below, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion.

### I.

   In his Motion, Plaintiff asserts that he and the other inmates housed in Segregation Unit Number Two at Chillicothe Correctional Institution ("CCI") are "being subjected to the detrimental effects of cold temperatures" and that he is "in grave danger from the conditions." (Pl.'s Mot. 2, ECF No. 14.)  Plaintiff requests removal from CCI and transfer to another facility.

   The Ohio Attorney General's Office, on behalf of Defendant, filed a memorandum in

opposition to Plaintiff's Motion.  Relying on the affidavit of Brian Wittrup, Deputy Warden of Operations ("DWO") at CCI, Defendant asserts that Plaintiff fabricated the allegations concerning the temperature in his cell.  In his affidavit, DWO Wittrup states that as part of his job duties, he ensures that the temperature in each unit meets American Correctional Association standards.  Wittrup states that he takes temperature readings throughout the year in each unit.  He took the last such reading in CCI Unit Two on December 8, 2010, between the hours of 1:45 a.m. and 3:36 a.m., when the temperature outside measured twelve and one-half degrees.  The average temperature reading within Plaintiff's unit was 71 degrees, with the coldest temperature recorded 70 degrees.  Wittrup further states that if any CCI unit experiences heating issues such that the temperature drops below 60 degrees, inmates housed in the affected unit are issued an additional blanket and overtime crews are brought in to remedy the situation.  Finally, Wittrup states that Plaintiff has two blankets.  Under these circumstances, Defendant maintains that Plaintiff cannot demonstrate a likelihood of success on the merits.  In addition, Defendant submits that the relief Plaintiff seeks, a transfer, is beyond the scope of a temporary restraining order.

## II.

Plaintiff requests a restraining order.  Federal Rule of Civil Procedure 65(a) and (b) permit a party to seek injunctive relief when the party believes it will suffer immediate and irreparable injury, loss, or damage.  Fed. R. Civ. P. 65(a) and (b).  Because Defendant was noticed of and responded to Plaintiff's Motion, it is properly treated as one for a preliminary injunction.  *See First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

A district court considering the extraordinary remedy of a preliminary injunction must consider whether the movant has established following four factors:

(1) whether the movant has shown a strong likelihood of success on the merits;
(2) whether the movant will suffer irreparable harm if the injunction is not issued;
(3) whether the issuance of the injunction would cause substantial harm to others;
and (4) whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).  "These factors are not prerequisites, but

are factors that are to be balanced against each other."  *Id*.  "Although no one factor is

controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."

*Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (citation omitted);

*see also Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a

general matter, none of these four factors are given controlling weight, a preliminary injunction

issued where there is simply no likelihood of success on the merits must be reversed.").

A movant's burden is even more difficult to satisfy where, as here, a plaintiff seeks an

injunction to obtain affirmative relief beyond maintenance of the status quo.  *See* 18 U.S.C. §

3626(a)(2) ("In any civil action with respect to prison conditions . . . [p]reliminary injunctive

relief must be narrowly drawn, extend no further than necessary to correct the harm the court

finds requires preliminary relief, and be the least intrusive means necessary to correct that

harm.");  *Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary

injunction is merely to preserve the relative positions of the parties until a trial on the merits can

be held.").

### III.

After consideration of the four factors, the undersigned recommends that the Court deny

Plaintiff's Motion.  First, Plaintiff cannot demonstrate a strong likelihood of success on the

merits or that he would suffer irreparable harm if the Court declines his request for an injunction**.**

A Plaintiff asserting an Eighth Amendment conditions-of-confinement claim must satisfy two elements. *Spencer v. Bouchard*, 449 F.3d 721, 727–28 (6th Cir. 2006). "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* (internal quotation marks and citation omitted). "Second, the prison official's state of mind must be one of deliberate indifference to inmate health or safety." *Id.* In considering whether a plaintiff has satisfied the first element, within the context of a complaint of cold cell temperatures, courts consider factors such as "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Flores v. O'Donnell*, 36 Fed. Appx. 204, 206–07 (7th Cir. 2004) (citations omitted); *see also Wells v. Jefferson Cty. Sheriff's Dep't.*, 35 Fed.Appx. 142, 143 (6th Cir. 2002) (considering the duration of the cold temperatures and the other alleged uncomfortable conditions); *Dean v. Campbell*, No. 97-5955, 1998 WL 466137, at *2 (6th Cir. July 30, 1998) (same).

Here, Plaintiff fails to demonstrate that he was exposed to temperatures extreme enough to constitute cruel and unusual punishment. Beyond his conclusory allegations that the cold temperatures are detrimental to his health, Plaintiff fails provide an estimate of the temperature, its duration, its affect on his health, or whether he is being denied warmer clothing or blankets to combat the alleged temperatures. Nor does he complain that he is forced to endure other uncomfortable conditions. Further, DWO Wittrup's affidavit testimony wholly contradicts Plaintiff's allegations. Under these circumstances, the undersigned concludes that there is simply no likelihood that Plaintiff will prevail on the merits. Second, Plaintiff has failed to demonstrate that he would suffer irreparable harm if the Court refuses his request for an

-4-

injunction.  Third, issuance of Plaintiff's injunction, which requests a transfer from CCI to another prison, would require CCI and others to take significant affirmative action beyond maintenance of the status quo.  Finally, the undersigned cannot identify any public interests that would be served by issuing the requested injunction under the circumstances presented.

**IV.**

For all of the reasons set forth above, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for a Temporary Restraining Order.  (ECF No. 14.)

**<u>PROCEDURE ON OBJECTIONS</u>**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816*,* 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


December 16, 2010                    ____/s/ *Elizabeth A. Preston Deavers*____
                                     Elizabeth A. Preston Deavers
                                     United States Magistrate Judge

-6-