UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RONALD D. LEONARD,

      Plaintiff,

                                   Civil Action 2:10-cv-956
      v.                            Judge Michael H. Watson
                                   Magistrate Judge E.A. Preston Deavers

ROBIN KNAB, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, Ronald D. Leonard, an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Robin Knab, Warden at Chillicothe Correctional Institution ("CCI"), seeking injunctive and monetary relief. Plaintiff was incarcerated at CCI when he commenced this action and filed a motion seeking injunctive relief. (ECF No. 12.) He was subsequently transferred to Ross Correctional Institution ("RCI"). As explained below, Plaintiff's intervening transfer rendered his claim for injunctive relief and his motion requesting injunctive relief moot. Accordingly, the undersigned **RECOMMENDS** that the Court **DISMISS WITHOUT PREJUDICE AS MOOT** his claim for injunctive relief and **DENY WITHOUT PREJUDICE AS MOOT** his motion requesting injunctive relief.

## I.

Plaintiff's action and his motion for injunctive relief are premised upon his allegations that he has suffered violations of his Eighth Amendment rights as a result of Knab's failure to perform her duties. Specifically, according to Plaintiff, on August 31, 2010, while he was

housed in Segregation Unit Number Two at CCI, another inmate spit on him.  He subsequently reported the incident to Defendant Knab through filing an informal complaint.  Plaintiff contends that Defendant Knab is responsible for the incident because she has failed to properly train and supervise her subordinates.  He alleges that she has not taken appropriate measures to abate the risk of such an incident reoccurring.  He explains that "inmates are permitted to leave their isolation cells and go to recreation cages directly within the proximity of other inmates' cell[s]," which gives other inmates the opportunity to "expel[] bodily substances" onto him.  (Pl.'s Mot. for Inj. 2, 4, ECF No. 12.)  Plaintiff speculates that other inmates could use empty shampoo bottles to spray feces and urine on him.  He asserts that the possibility of this occurring causes him emotional distress.  He also alleges that he was subjected to cold temperatures while in solitary confinement at CCI in violation of the Eighth Amendment.  Plaintiff sued Defendant Knab and a John Doe defendant in their individual and official capacities, seeking injunctive and monetary relief.  He also moved for injunctive relief, requesting a transfer to either Hocking Correctional Institution or Southeastern Correctional Institute.

Plaintiff was subsequently transferred to RCI, where he is currently incarcerated.

## II.

The Court properly raises the jurisdictional issue of mootness *sua sponte*.  *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions . . . .") (internal quotations marks and citations omitted); *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review sua sponte.").

Article III of the United States Constitution limits a federal court's exercise of judicial

-2-

power to actual, ongoing "Cases" or "Controversies."  U.S. Const. art. III, § 2, cl. 1.  Article III's case-or-controversy requirement subsists throughout all stages of the litigation.  *U.S. v. Juvenile Male*, 131 S.Ct. 2860, 2864 (2011) (internal quotation marks and citation omitted) ("It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed.").  The doctrine of mootness is a corollary of Article III's case-or-controversy requirement.  "The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction."  15 James Wm. Moore et al, Moore's Federal Practice § 101.9, at 101–238 (3d ed. 2011).

When an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct, seeking declaratory and injunctive relief, and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot.  *Sossamon v. Texas*, 131 S.Ct. 1651, 1669–70 (2011) (citations omitted) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see*, *e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 491 (6th Cir. 1995) (inmate's request for injunctive relief mooted upon transfer from relevant prison); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same).  This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which "render[s] the court unable to grant the requested relief."  *Berger*,

-3-

983 F.2d at 724; *Fredette v. Hemingway*, 65 F. A'ppx 929, 931 (6th Cir. 2003) (concluding that an inmate's request for injunctive relief to prevent his transfer to another prison became moot upon the inmate's subsequent transfer because "the district court was unable to grant the relief requested").

"There is . . . an exception to the mootness doctrine for claims that are capable of repetition, yet evade review." *Fredette*, 65 F. A'ppx at 931. This narrow, capable-of-repetition exception is limited to situations in which "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration" *and* "there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id*. (internal quotation marks and citations omitted).

## III.

Applying the foregoing principles to the instant case, the undersigned concludes that Plaintiff's claim for injunctive relief is moot. Plaintiff only sues prison officials at CCI, the institution where he was *formerly* incarcerated. Thus, the Court's entry of equitable relief in Plaintiff's favor would have no effect on Defendants' behavior toward him because they perform their duties at an institution where Plaintiff is not incarcerated. Put another way, an entry of equitable relief would accomplish nothing. This Court does not have jurisdiction to accord Plaintiff with prospective relief that has no effect or impact on Defendants. In addition, because Plaintiff's claims are CCI-specific, and because there is no reasonable expectation that he will be transferred back to CCI or that he will be subjected to the same action again at RCI, the capable-of-repetition exception to the mootness doctrine does not apply. The undersigned therefore **RECOMMENDS** that the Court **DISMISS WITHOUT PREJUDICE AS MOOT** Plaintiff's claim for injunctive relief and **DENY WITHOUT PREJUDICE AS MOOT** Plaintiff's

-4-

Motions for Injunctive Relief.  (ECF No. 12).

## IV.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: August 2, 2011                               /s/ *Elizabeth A. Preston Deavers*
                                                       Elizabeth A. Preston Deavers
                                                       United States Magistrate Judge