# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RONALD D. LEONARD,**

    **Plaintiff,**

                                                                          **Civil Action 2:10-cv-956**
    **v.**                                                         **Judge Michael H. Watson**
                                                                   **Magistrate Judge E.A. Preston Deavers**

**ROBIN KNAB,** *et al.,*

    **Defendants.**

## REPORT AND RECOMMENDATION

On October 22, 2010, Plaintiff, an Ohio inmate who is proceeding without the assistance of counsel, filed this civil rights action under 42 U.S.C. § 1983 against Robin Knab, Warden at Chillicothe Correctional Institution ("CCI") and John Doe, a CCI employee. On August 22, 2011, Plaintiff moved to amend his Complaint, indicating that he wanted to substitute Officer James Weatherholt for the John Doe Defendant named in his Complaint. (ECF No. 34.) The Court denied Plaintiff's motion without prejudice because it failed to comply with Federal Rule of Civil Procedure 7(b)'s particularity requirements. (Oct. 17, 2011 Order, ECF No. 37.) In doing so, the ordered:

> If Plaintiff intends to amend his Complaint to substitute the real name for his John Doe Defendant, he must conduct any necessary discovery to identify the true identity and move for leave to amend his Complaint **ON OR BEFORE DECEMBER 1, 2011**. The Court advises Plaintiff that he must attach his proposed amended complaint to such a motion and must also include the copies of the proposed amended complaint, summonses, and Marshal service forms so that the United States Marshal can effect service of the amended complaint if so directed.
>
> Alternatively, Plaintiff must **SHOW CAUSE ON OR BEFORE DECEMBER 1, 2011**, why the Court should not dismiss his John Doe Defendant

> pursuant to Federal Rule of Civil Procedure 4(m) and why the Court should allow an extension of time to effect service. Federal Rule of Civil Procedure 10(a) requires a plaintiff to "name all the parties" in the Complaint. Fed. R. Civ. P. 10(a). Though the naming of pseudonymous defendants is permissible where the party requires discovery to identify the true identity of the defendants, the party must subsequently amend the complaint to reflect the discovered identities and effect service over those named parties within Rule 4(m)'s 120-day window. Fed. R. Civ. P. 4(m); *see Petty v. Cty. of Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007) (affirming district court's dismissal of unnamed John Doe defendants pursuant to Rule 4(m) where the plaintiff failed to substitute the real names for his John Does and had failed to serve them within Rule 4(m)'s 120-day window); Plaintiff must support any good cause showing with sworn affidavits.

(*Id*. at 4–5 (footnote omitted).) To date, Plaintiff has not moved for leave to amend his Complaint. Nor has he responded to the Court's Show Cause Order. The undersigned therefore **RECOMMENDS** that the Court dismiss the John Doe Defendant pursuant to Rule 4(m).

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

2

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: December 5, 2011 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge