UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD D. LEONARD,**

    **Plaintiff,**

    **v.**
                                Civil Action 2:10-cv-956
                                   Judge Michael H. Watson
                                   Magistrate Judge Elizabeth P. Deavers

**ROBIN KNAB**, *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

    Plaintiff, Ronald D. Leonard, a state-prison inmate proceeding without the assistance of counsel, brings this civil rights action against Chillicothe Correctional Institution's ("CCI") warden, Robin Knab. This matter is before the United States Magistrate Judge for a Report and Recommendation on Defendant's Motion for Summary Judgment. (ECF No. 43.) Plaintiff has not opposed Defendant's Motion. For the reasons that follow, it is **RECOMMENDED** that Defendant's Motion be **GRANTED**.

**I.**

    According to Plaintiff's Complaint, on August 31, 2010, while he was housed in Segregation Unit Number Two at CCI, another inmate spit on him. He also alleges that on September 9, 2010, a CCI corrections officer threatened to take him to segregation and mace him in retaliation for filing lawsuits against CCI. He further alleges that while in solitary confinement at CCI, he was subjected to cold temperatures in violation of the Eighth Amendment. Plaintiff alleges that Defendant Warden Knab failed to train and implement proper

procedures. He posits that the alleged omissions are tantamount to condoning the incidents and thus, seeks to hold Warden Knab personally liable.

In her unopposed Motion for Summary Judgment, Defendant submits that she is entitled to summary judgment because Plaintiff has failed to offer any evidence establishing the requisite personal involvement. She further asserts that summary judgment is appropriate because Plaintiff has failed offer evidence demonstrating any injury. Plaintiff alternatively posits that she is entitled to qualified immunity.

## II.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of

the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III.

As a preliminary matter, the Undersigned finds that Plaintiff's failure to respond to Defendant's Motion for Summary Judgment amounts to an abandonment of his claims against her. *See Clark v. City of Dublin*, 178 F. App'x 522, 524–25 (6th Cir. 2006) (affirming trial court's finding that a party's failure to properly respond to the arguments raised in a motion for summary judgment constituted an abandonment of those claims); *Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011) ("The district court properly declined to consider the merits of this claim because [the plaintiff] failed to address it in either his response to the summary judgment motion or his response to [the defendant's] reply brief); *Conner v. Hardee's Food Sys.*, 65 F. App'x 19, 24–25 (6th Cir. 2003) (finding that the plaintiff's failure to brief issues relating to one of its claims in the district court amounted to an abandonment of that claim). Because Plaintiff has abandoned his claims, summary judgment for Defendant is appropriate.

Regardless, the Undersigned agrees with Defendant that Plaintiff's failure to offer evidence establishing her involvement is dispositive. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law."

*Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). "A supervisor is not liable under § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotation omitted). Put another way, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Id.* Thus, Defendant Knab's employment as CCI's Warden does not automatically establish her personal involvement in the alleged incidents. As Defendant points out, there is nothing in the record to suggest that Defendant Knab was in some way directly or indirectly involved in the incident. In sum, Defendant has established that no genuine disputes as to any material facts remain for adjudication in this case and that she is entitled to judgment as a matter of law. It is therefore unnecessary to consider Defendant's alternative bases in favor of summary judgment.

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **GRANT** Defendant's unopposed Motion for Summary Judgment. (ECF No. 43.)

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: January 22, 2013                              /s/ *Elizabeth A. Preston Deavers*
                                                                    Elizabeth A. Preston Deavers
                                                                    United States Magistrate Judge